FILED
AT ALBUQUERQUE NM
MAR - 5 1999
ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY CROWELL,

    Plaintiff,

v.    No. CIV-99-0128 JC/JHG

NEW MEXICO PAROLE COMMISSION,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court sua sponte for preliminary consideration of Plaintiff's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, Rule 4(b) Governing Section 2255 Proceedings, and his motion for leave to proceed in forma pauperis. The § 2255 motion was treated administratively as an application for writ of habeas corpus under 28 U.S.C. § 2254, apparently because no criminal proceedings have been initiated against Plaintiff in this Court.

Plaintiff is serving a prison term imposed by a Virginia state court. He is currently incarcerated in the District of Columbia, though he served four to five years of his sentence in New Mexico as a transferee. The motion alleges that even though Plaintiff is in custody pursuant to a state conviction, his parole is subject to determination by the United States Parole Commission. Plaintiff further alleges that his parole date has been delayed because he was given an unfavorable report by the Virginia Parole Board for a "New Mexico transferred inmate." The unfavorable report resulted from changes in parole regulations during his incarceration which amount to unconstitutional ex post facto laws. Plaintiff refers to a New Mexico detainer but does not allege that he is subject to a New Mexico sentence, either state or federal.

This Court's jurisdiction under § 2255 is limited. The statute provides precisely four grounds for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United

States," (2) "that the court was without jurisdiction to impose such sentence," (3) "that the sentence was in excess of the maximum authorized by law," and (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255. The Supreme Court has indicated that only jurisdictional or constitutional errors are cognizable as a basis for relief under § 2255. *Hill v. United States*, 368 U.S. 424, 428 (1962). Relief under § 2255 is exactly parallel with the relief previously afforded by writ of habeas corpus, *id.* at 427-28, and, because no conviction or sentence was imposed by this Court, is not available to Plaintiff. *United States v. Addonizio*, 442 U.S. 178, 190 (1979).

Even if the motion were construed as a petition under 28 U.S.C. § 2241 or § 2254, *cf. Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996), no relief can be granted. Plaintiff is incarcerated in the District of Columbia, and a habeas corpus petition must name his warden as respondent. 28 U.S.C. §§ 2242, 2243; *cf. Dunn v. United States Parole Comm'n*, 818 F.2d 742, 744 (10th Cir. 1987) ("Parole Commission may be considered petitioner's 'custodian' for purposes of a challenge to a parole decision"). Because Virginia was the "sending" jurisdiction when Plaintiff was transferred to New Mexico, this Court has no jurisdiction of his current custodian in the District of Columbia, *Braden v. 30th Judicial District Court*, 410 U.S. 484, 499 (1973). The courts of the District of Columbia are fully competent to determine the effect of alleged changes in New Mexico law on Plaintiff's sentence or parole. Plaintiff is not entitled to relief, and the motion will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis (Doc. #2) is GRANTED; the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is DISMISSED without prejudice; and this proceeding is DISMISSED.

UNITED STATES DISTRICT JUDGE

2